IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| BENNY ODEM, JR., | § | |
| Institutional ID No. 1703386, | § | |
| SID No. 06109181, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 1:20-CV-00042-BU |
| v. | § | |
| | § | |
| FRANCES M. ODOM, *et al.*, | § | |
| | § | |
| Defendants. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pro se plaintiff Benny Odem, Jr., an inmate currently incarcerated by the Texas Department of Criminal Justice ("TDCJ"), filed this civil action under 42 U.S.C. § 1983 complaining of events alleged to have occurred during his incarceration at TDCJ's Robertson Unit. Dkt. No. 1. Odem brings this suit against three employees of Robertson Unit claiming that he was deprived of his private property, including legal paperwork, and denied due process. *Id*.

Under 28 U.S.C. § 636(b) and an order of the Court, this civil action was transferred to the undersigned United States magistrate judge to perform preliminary screening of Odem's claims under 28 U.S.C. §§ 1915 and 1915A. Dkt. No. 17. Odem later paid the full filing fee, but his claims remain subject to screening under 28 U.S.C. § 1915A because Odem is an inmate who sues a government entity, officer, or employee.

1

Odem was ordered to respond to a Magistrate Judge's Questionnaire, Dkt. No. 23, and a Supplemental Magistrate Judge's Questionnaire, Dkt. No. 26, which he did. Dkt. Nos. 24, 27. And the undersigned obtained the TDCJ authenticated records related to Odem's claims. *See* Dkt. No. 30. Odem has not consented to proceed before a magistrate judge.

On November 4, 2021, Odem filed a "Motion for Judgment on Pleadings" in which he re-urges his claim that his due process rights were violated as well as a claim of malicious intent on the parts of the defendants to cause him harm. Dkt. No. 31.

After considering Odem's Complaint, his responses to the questionnaires, and the TDCJ authenticated records, the undersigned RECOMMENDS that the Court DISMISS Odem's claims and DENY his Motion for Judgment on the Pleadings as moot.

## I.  LEGAL STANDARDS

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2016); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*).

A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in fact if it rests upon clearly baseless factual contentions, and similarly lacks an arguable basis in law if it contains indisputably meritless legal theories. *See id.* at 327; *Geiger v.*

*Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (noting responses given to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical and other prison records if they are adequately identified and authenticated" (internal quotations omitted)).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)). Plaintiffs must plead enough facts to demonstrate that their claims have "substantive plausibility." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam). This means that the facts pled must allow the court "to infer more than the mere possibility of misconduct." *Harold H. Huggins Realty, Inc. v. FNC, Inc.* 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## II. DISCUSSION AND ANALYSIS

A. Odem's Claims

In his Complaint, Odem sues three Robertson Unit employees: Frances M. Odom, Kelly M. Brown, and Samantha K. Sullivan. Dkt. No. 1. Odem alleges that Brown and Odom committed "[i]ntentional deprivation of procedural due process" when the officers allegedly confiscated or destroyed several items of Odem's personal property. *Id*. at 3–4. And Odem claims that Sullivan violated Odem's rights to "procedural due process and equal protection of the law" based on the way she handled Odem's inmate grievance requests regarding the confiscation or destruction of his personal property. *Id*. at 3, 5.

In his initial questionnaire response, Odem alleges that Brown and Odom intentionally confiscated or destroyed approximately 55 books, 32 magazines, 500 photographs, a radio, a pair of headphones, and a "hot pot." Dkt. No. 24 at 1. In addition to the deprivation of his personal property, Odem states in his questionnaire response that his legal papers were confiscated, which Odem claims included a completed Section 1983 complaint form, an affidavit, receipts, and other documentary evidence ready for filing. *Id*.

Odem also claims, and the authenticated records confirm, that he submitted several timely Step 1 grievances about the confiscation of his property. *Id.* at 5. Odem asserts that Sullivan incorrectly classified the property as contraband and then ignored his grievances resulting in the destruction of his property while the grievance was in the Step 2 process. *Id*. Sullivan then returned the duplicative grievances as redundant. *Id.* at 6. Odem complains that Sullivan's lack of investigation lead to the improper destruction of his

4

property and that she acted with "deliberate indifference," which this Court construes as a claim that she did not investigate his grievance or classify the property favorably. *Id*

The Court ordered Odem to answer a supplemental questionnaire regarding the loss of his legal papers. Dkt. No. 26. In his supplemental response, Odem clarifies that the legal papers consisted of paperwork Odem had prepared for a prisoner civil rights lawsuit arising from constitutional violations alleged to have occurred at the Ferguson Unit in 2018. Dkt. No. 27. The undersigned takes judicial notice of the fact that the Ferguson Unit sits in the Houston division of the Southern District of Texas. *See* FED. R. EVID. 201(b)(2) and (c)(1).

Odem seeks an unspecified amount in damages—"full compensation"—for the destruction of his personal property. Dkt. No. 1 at 4. He also seeks to be reimbursed for his payment of the filing fee in this action, as well as compensation for his time. *Id*.

B.  Odem's property deprivation claim should be dismissed.

Odem's claims regarding the deprivation of his personal property fail to state a claim under Section 1983, and thus should be dismissed.

To have a valid claim under Section 1983 there must be a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws. . . ." 42 U.S.C. § 1983. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individual of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). This means a federal right must be violated to bring a Section 1983 claim. 42 U.S.C. § 1983.

The United States Supreme Court has held that the "deprivation of property by a state employee," whether intentional or negligent, is not a constitutional violation "if a

5

meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) (per curiam). Under Texas law, a plaintiff may sue for the state-law tort of conversion as a remedy for his property loss. *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994) (tort of conversion); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (damage action). The Fifth Circuit has held that the availability of this tort is an adequate post-deprivation remedy for prisoners who attempt to make constitutional claims based on the loss of their personal property. *Murphy*, 26 F.3d at 543–44. And in the absence of an independent basis for federal jurisdiction, this remedy is appropriately pursued in state court, not federal court. *Thompson*, 709 F.2d at 383.

Because Texas provides an adequate post-deprivation remedy for the loss of property, Odem's property deprivation claim, even when taken as true, fails to state a constitutional violation required by Section 1983. *See Murphy*, 26 F.3d at 543–44.

For this reason, the undersigned RECOMMENDS that Odem's claim against Brown, Odom, and Sullivan concerning the intentional confiscation or destruction of his personal property be dismissed with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915A(b)(1).

C.  <u>Odem's claim concerning his inmate grievances should be dismissed.</u>

Odem alleges Sullivan acted with "deliberate indifference" and did not properly investigate his Step 1 grievance into the confiscation of his property. Dkt. No. 24 at 5-6. Odem acknowledges that Sullivan used her discretion to classify the property as contraband, but claims that was a "missue (sp) of her authority." *Id.* at 5.

Prisoners do "not have a federally protected liberty interest in having [their] grievances resolved to [their] satisfaction," and a Section 1983 claim for failure to investigate grievances is "indisputably meritless." *Hill v. Walker*, 718 Fed. Appx. 243, 250 (5th Cir. 2018) (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (per curiam)). The Fifth Circuit further stated that "an alleged violation of a prisoner's due process rights resulting from prison grievance procedures is a 'legally nonexistent interest.'" *Geiger*, 404 F.3d at 374.

Here, Odem admits that Sullivan had discretion to handle his grievance, though he disagrees with the outcome. Odem has no federally protected liberty interest in having his grievance resolved to his satisfaction. Additionally, the authenticated records show that Odem possessed property bearing another inmate's identification number on it, which meets the definition of contraband.

For these reasons, the undersigned RECOMMENDS that Odem's claim regarding his grievances be dismissed as frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915A(b)(1).

D.  Odem's access to the courts claim should be dismissed.

In Odem's supplemental questionnaire response, filed on January 19, 2021, he states:

> Plaintiff had prepared [a civil] suit claim of non-frivolous U.S. and State Constitutional violations against T.D.C.J. FACILITY Ferguson Personnel for sexual assaul [sic] and sexual harassment, excessive use of force, depravation of due process, retaliation and a conspiratorilly [sic] planned disciplinary act and cruel and unusual punishment.

Dkt. No. 27 at 1.

Odem further states that Odom and Brown "deprived the plaintiff from seeking justice against his oppressors and finding resolution for the multiple damages of cruel and unusual punishment the plaintiff was unconstitutionally subjected to by the Ferguson Personnel." *Id*. at 2. The undersigned liberally construes Odem's deprivation of property claim as it relates to his legal documents as a claim for denial of access to the courts.

Prisoners have a constitutionally recognized right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). But the right of access to the courts is not a "freestanding right." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The Supreme Court has stated that the right encompasses no more than the ability of a prisoner to prepare and transmit a necessary legal document to the court. *Clewis v. Hirsch*, 700 F. App'x. 347, 348 (5th Cir. 2017) (citing *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) (internal quotations and footnote omitted)). The Fifth Circuit has explained that this right "encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

To succeed on a claim of denial of access to the courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim. *See Lewis*, 518 U.S. at 356. But the "injury requirement is not satisfied by just any type of frustrated legal claim." *Id*. at 353. A plaintiff must demonstrate that he was prevented from filing or made to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action. *Id*. at 353–54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)). In making this showing, a plaintiff must allege that he suffered

an actual injury resulting from the alleged denial of access. *Id*. at 349. The required showing of actual injury requires a plaintiff to allege, at a minimum, that his ability to pursue a "nonfrivolous, arguable" claim was hindered. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353).

Odem states that Odom and Brown confiscated a civil rights complaint and accompanying documentation prepared by Odem. Dkt. No. 24 at 1. Odem claims that he was unable to file a civil suit he had prepared against TDCJ officers at the Ferguson Unit because Odom and Brown destroyed his paperwork. *Id.* However, when asked follow-up questions about the destruction of this property and given the opportunity to explain any injury, Odem stated there were no pending legal matters that were affected by the loss of his legal materials. Dkt. No. 27 at 3.

The undersigned notes that Odem has two civil rights lawsuits currently pending. Two days after filing the instant case, Odem filed suit in this district naming as defendants twenty-four additional TDCJ employees of the Robertson Unit in *Odem v. Johnson, et al.*, No. 1:20-cv-00041-BU (Feb. 25, 2020). The undersigned takes judicial notice of the records of that case. *See* FED. R. EVID. 201(b)(2) and (c)(1). Between the two pending lawsuits, and over the course of the past twenty-four months, Odem has filed thirty-eight documents in the form of pleadings, motions, notices, and status requests. Odem has alleged no facts that plausibly demonstrate a lack of access to the courts which prevented him from filing legal documents necessary to the vindication of his basic constitutional rights. *See Lewis*, 518 U.S. at 353-54. And Odem's conclusory allegations that he had prepared a non-frivolous lawsuit but was prevented by Odom and Brown from filing it does

not change this conclusion. While this Court accepts well-pleaded factual allegations as true, it does not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim,* 836 F.3d at 469.

For these reasons, the undersigned RECOMMENDS that the Court dismiss Odem's access to the courts claim for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915A(b)(1).

E.  Odem's pending Motion for Judgment on the Pleadings should be denied as moot.

Odem filed a Motion for Judgment on the Pleading on November 4, 2021, re-arguing his claim that his due process rights were violated as well as a claim of malicious intent on the parts of the defendants to cause him harm. Dkt. No. 31.

A motion for judgment on the pleadings under Rule 12(c) is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment can be rendered by looking at the substance of the pleadings. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). Such a motion only has utility when all that remains are questions of law to be decided by the court. *See* 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 (2021). Moreover, such a motion is untimely until "[a]fter the pleadings are closed". Fed. R. Civ. Pr. Rule 12(c). Here, the pleadings have not closed because no defendant has been ordered to answer.

In addition to being frivolous and untimely, Odem's motion will be moot if the Court accepts the above recommendations. For this reason, the undersigned further

RECOMMENDS that if the Court accepts the above recommendations, it deny Odem's Motion for Judgment on the Pleadings as moot.

## III. CONCLUSION

For the reasons explained in these Findings, Conclusions, and Recommendations, the undersigned RECOMMENDS that the Court deny Odem's property and grievance claims as frivolous and for failure to state a claim on which relief may be granted, deny Odem's access to the courts claim for failure to state a claim on which relief may be granted, and deny as moot Odem's Motion for Judgment on the Pleadings.

## IV. RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## V. TRANSFER OF CASE

Having completed the preliminary screening of Odem's claims under 28 U.S.C. § 1915A, the undersigned ORDERS that this case be TRANSFERRED back to the docket of the Senior United States District Judge and designated as Civil Action 1:20-CV-00042-C.

ORDERED this 10th day of March, 2022.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE