IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| BENNY ODEM, JR.<br>Institutional ID No. 1703386<br><br>Plaintiff,<br><br>v.<br><br>FRANCES M. ODOM, *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 1:20-CV-00042-C<br>§<br>§<br>§<br>§<br>§ |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Findings, Conclusions and Recommendations of the United States Magistrate Judge filed on March 10, 2022, advising the Court that Plaintiff's claims should be dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) as frivolous, as well as Plaintiff's objections received on April 22, 2022.[1]

The Court conducts a de novo review of those portions of the Magistrate Judge's report or specified proposed findings or recommendations to which a timely objection is made. 28 U.S.C. § 636(b)(1)(C). Portions of the report or proposed findings or recommendations that are not the subject of a timely objection will be accepted by the Court unless they are clearly erroneous or contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

After due consideration and having conducted a de novo review, the Court finds that Plaintiff's objections should be OVERRULED.[2] The Court has further conducted an

---

[1] The objections are dated April 18, 2022; thus, the Court considers them timely. Doc. 35 (granting extension of time to file objections).
[2] In particular, the cases Plaintiff cites from other circuits are not controlling or authoritative. In Texas, a prison official's failure to follow prison policies, procedures, or regulations does not constitute a violation of due process if

independent review of the Magistrate Judge's findings and conclusions and finds no error. The Court accepts and ADOPTS the Findings, Conclusions, and Recommendation of the Magistrate Judge.

It is, therefore, ORDERED that Plaintiff's complaint and all civil rights claims alleged therein are **DISMISSED WITH PREJUDICE** as frivolous.

Judgment shall be entered accordingly.

This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)(1), and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). **Plaintiff is cautioned that if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).**

Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

A copy of this order shall be sent to all parties appearing *pro se* by first class mail and to any attorney of record by first class mail or electronic notification.

Plaintiff is advised that if he appeals this Order, he will be required to pay the appeal fee of $505.00 pursuant to the PLRA, and he must submit an application to proceed *in forma*

---

constitutional minima are nevertheless met. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)(*per curiam*). Adequate state post-deprivation remedies exist, as noted by the Magistrate Judge. Doc. 33 at 5–6. The Texas Tort Claims Act, upon which Plaintiff expounds, Doc. 40 at 11–15, concerns claims against the State, not individuals such as Defendants in this case.

*pauperis* and a 6-month Certificate of Inmate Trust Account at the same time he files his notice of appeal.

The Court prospectively **CERTIFIES** that any appeal of this action would not be taken in good faith, for the reasons stated herein. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3); *see also Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the findings in this Order, the Court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (per curiam).[3] In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

Any pending motions are **DENIED**.

Dated August 22, 2022.

SAM R. CUMMINGS
Senior United States District Judge

---

[3] Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order. A timely notice of appeal must be filed even if the district court certifies an appeal as not taken in good faith.